NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMECA HOBBS,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF LABOR OFFICE OF THE SOLICITOR OF LABOR, et al.,<br><br>    Defendants. | Case No. 3:22-cv-00956<br><br>**MEMORANDUM ORDER** |

**CASTNER, U.S.D.J.**

This matter comes before the Court upon the Application to Proceed *In Forma Pauperis* ("Application") filed by Plaintiff Tameca Hobbs ("Plaintiff"). (ECF No. 26.) For the reasons stated below, Plaintiff's Application to Proceed *In Forma Pauperis* is denied.

To be eligible to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an application to proceed *in forma pauperis*, including an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007).

Before a case can proceed *in forma pauperis,* the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). Typically, the Court would review Plaintiff's *In Forma*

1

*Pauperis* Application before screening the Complaint. However, here, Plaintiff filed her Complaint on February 22, 2022, and paid the filing fee of $402. (ECF No. 1.) As a result of Plaintiff's decision to pay the filing fee, it unnecessary for this Court to screen Plaintiff's Complaint.

However, the Court still must review Plaintiff's Application to Proceed *In Forma Pauperis*, and after careful consideration, will deny Plaintiff's Application without prejudice. In Plaintiff's Application, she states that she has an average monthly income of $5,246. (Application at 2.) She also states that she has a Capital One Savings Account with $6,000, a home valued at $175,000, and a vehicle valued at $9,000. (*Id.* at 2-3.) She then states that her monthly expenses are $4,027.

"A litigant need not be 'absolutely destitute' or contribute his or her 'last dollar' in order to qualify for in forma pauperis status." *Johnson v. Rothschild*, 741 F. App'x 52, 54 (3d Cir. 2018). However, here, Plaintiff has already paid the filing fee of $402. Further, even if she had not done so, Plaintiff has indicated that her monthly expenses do not exceed her monthly income, and that she has enough money in savings to cover any court fees that might be incurred as litigation proceeds.

Accordingly, the Court finds that Plaintiff has not "show[n] in the detail prescribed by Form 4 of the Appendix of Forms [her] inability to pay or to give security for fees and costs." *See* Fed. R. App. P. 24(a)(1)(A).

For the foregoing reasons,

IT IS, on this 27th day of September 2022,

**ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 26) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

Date: <u>September 27, 2022</u>  /s/ Georgette Castner

GEORGETTE CASTNER, U.S.D.J.