NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMECA HOBBS,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF NEW JERSEY, et al.,<br><br>Defendants. | Civil Action No. 22-00956 (GC) (JTQ)<br><br>**MEMORANDUM OPINION** |

**CASTNER, United States District Judge**

This matter comes before the Court on two motions: *first*, the State of New Jersey's motion to dismiss Plaintiff Tameca Hobbs's Amended Complaint under Federal Rules of Civil Procedure (Rules) 12(b)(1) and 12(b)(6), and *second*, Hobbs's motion for summary judgment under Rule 56. (ECF Nos. 34, 39, 40.) Following briefing by the parties (ECF Nos. 40, 41, 43), the Court carefully considered the parties' submissions and decides the motions without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the State's motion is **GRANTED**, and Hobbs's motion is **DENIED** as moot.

**I.     BACKGROUND**

The premise of this action is that the State unlawfully "blacklisted" Hobbs from employment with the State between 2015 and 2018. (ECF No. 34 ¶¶ 36, 62, 65.)[1] Hobbs, a former employee with the United States Department of Labor, alleges that Donna Scheel, her former

---

[1]     When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all factual allegations in the complaint as true. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022) (quoting *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008)).

supervisor at the USDOL, disparaged her to prospective State employers, leading the State to decide that Hobbs was bipolar, mentally unfit to work, and violent. (*Id.* ¶¶ 13, 64.) Hobbs also alleges that the State unlawfully removed her "Veterans Preference" status without notifying her, in violation of New Jersey Administrative Code § 4A:5-2. (*Id.* ¶¶ 93, 96, 102.)

Hobbs initially sued the USDOL, the United States Department of Justice, Donna Scheel, and the State in this Court, claiming violations of various federal civil rights, anti-discrimination, and administrative procedure laws, as well as state-law torts. (ECF No. 1.)[2] The Federal Defendants (USDOL, USDOJ, and Donna Scheel) moved to dismiss, arguing that Hobbs did not plead sufficient or plausible facts to support each element of her claims. (ECF No. 21.) The State also moved to dismiss on similar grounds. (ECF No. 10.)

The Court granted both motions. (ECF No. 29.) As a threshold matter, the Court found that Hobbs's claims under 42 U.S.C. § 1983 against the State, as then pled, were barred by the Eleventh Amendment to the United States Constitution. *Hobbs*, 2023 WL 2264266, at *3. And Hobbs did not name an individual state actor who may be subject to § 1983 liability—a facial deficiency. *Id.* As a result, the Court lacked subject-matter jurisdiction over the § 1983 claims against the State. The Court gave Hobbs an opportunity to amend her complaint, instructing that any amendment should account for the two-year statute of limitations for § 1983 claims arising in New Jersey. *Id.* As to the Federal Defendants, the Court agreed that Hobbs's claims were deficiently pled. And so, the Court dismissed the complaint without prejudice.

Hobbs timely amended. In her new complaint, Hobbs dropped the Federal Defendants, kept the State as a defendant, and added the following defendants: the New Jersey Civil Service

---

[2]   For a detailed recitation of the procedural and factual background, see the Court's previous opinion at *Hobbs v. United States Dep't of Lab. Off. of Solic. of Lab.*, Civ. No. 22-956, 2023 WL 2264266 (D.N.J. Feb. 28, 2023).

Commission (NJCSC); Mamta Patel, director of NJCSC's division of Equal Employment Opportunity and Affirmative Action; Scott A. Coffina, Burlington County prosecutor; and Steven Scheel, employee with the New Jersey Department of Labor and Work Force Development and husband of Donna Scheel.  (ECF No. 34 ¶¶ 7-11, 57-58.)  The record does not include proof that Hobbs served the new defendants with copies of the summons and amended complaint.  (*See* Docket Sheet; ECF No. 6; ECF No. 41 at 6 n.1.)

Though the amended complaint's precise causes of action are difficult to decipher, the Court liberally construes the complaint as asserting three categories of claims[3]: *first*, constitutional claims for violations of the Sixth and Fourteenth Amendments to the United States Constitution as to all Defendants (Count 1); *second*, anti-discrimination law claims for violations of Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act of 1990 (ADA), and New Jersey Law Against Discrimination (NJLAD) as to all Defendants (Count 2); and *third*, veterans' preference claims for violations of veterans' employment rights and benefits under the Uniformed Services Employment & Reemployment Act of 1994 (USERRA) as to NJCSC and Patel only (Count 3).

Hobbs seeks to recover money damages, including back pay, front pay, "[t]ime in employment grade and rank for retirement purposes," and fees and costs.  (ECF No. 34 ¶ 104.)  She also seeks an order enjoining Defendants from (1) "engaging in the policies, practices, and conduct complained of," and (2) "promoting to employers that Constitutional Rights should not apply to Plaintiff."  (*Id.*)  Finally, she seeks a judgment declaring that "Defendants' actions,

---

[3]  "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers;'" courts "review the pleading to ensure that it has 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); then *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

3

practices and conduct as alleged herein violate Plaintiff's rights under the United States Constitution as well as Federal and State laws." (*Id.*)

The State's motion to dismiss followed. In opposing the motion, Hobbs also moved for summary judgment.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)—Lack of Subject-Matter Jurisdiction

Rule 12(b)(1) permits a defendant to move at any time to dismiss the complaint for lack of subject-matter jurisdiction on either facial or factual grounds. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). In analyzing a facial challenge, a court "must only consider the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff." *Gould Electronics Inc.*, 220 F.3d at 176. "A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists." *Arosa Solar Energy Sys., Inc. v. Solar*, Civ. No. 18-1340, 2021 WL 1196405, at *2 (D.N.J. Mar. 30, 2021).

A factual challenge, on the other hand, "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). The "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977)). "Therefore, a 12(b)(1) factual challenge strips the plaintiff of the

4

protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836 F.3d at 268. Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, Civ. No. 09-1743, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

Rule 12(b)(1) also encompasses dismissals for "lack of jurisdiction due to Eleventh Amendment immunity." *Nemeth v. Office of the Clerk of the N.J. Superior Court*, Civ. No. 19-16809, 2020 WL 2537754, at *2 (D.N.J. May 19, 2020). State sovereign immunity under the Eleventh Amendment "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Wright v. New Jersey/Dep't of Educ.*, 115 F. Supp. 3d 490, 494 (D.N.J. 2015). Once a challenge to jurisdiction is raised under Rule 12(b)(1), the plaintiff bears the burden to demonstrate the existence of subject-matter jurisdiction. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

**B.      Rule 12(b)(6)—Failure to State a Claim Upon Which Relief Can Be Granted**

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere

conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

Rule 8(a) does not require a complaint to contain detailed factual allegations. Still, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("Rule 8 requires a 'showing,' rather than a blanket assertion, of entitlement to relief." (citation and some quotation marks omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see, e.g.*, *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Though "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. DISCUSSION

In the amended complaint, the only causes of action against the State are (1) § 1983 claims for violations of the Sixth and Fourteenth Amendments, and (2) anti-discrimination law claims for violations of Title VII, the ADA, and NJLAD. Hobbs asserts her final, USERRA claim against

6

the NJCSC and Patel only. Because the State is the only movant here—indeed, Hobbs has not shown that she served the new defendants with copies of the summons and amended complaint— the Court need not address the USERRA claim.

### A. Section 1983 Claims

As to Count 1,[4] the State argues that it has Eleventh Amendment immunity against Hobbs's § 1983 claims for violations of the Sixth and Fourteenth Amendments.

To state a claim under § 1983, a plaintiff must prove that (1) "the conduct complained of was committed by a person acting under color of state law;" and (2) "the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). But "a State is not a 'person' within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). So unless the State waived its immunity or Congress abrogated the State's immunity, "[t]he Eleventh Amendment bars such suits." *Id.* at 66; *see Durham v. Kelley*, 82 F.4th 217, 227 (3d Cir. 2023) ("[The Eleventh Amendment] imposes a jurisdictional bar against individuals bringing suit against a state or its agencies in federal court, or against a state official in his or her official capacity." (citing *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996); *Will*, 491 U.S. at 71).

Hobbs does not point to any congressional abrogation or waiver by the State as for her § 1983 claims. Instead, she invokes a third exception to Eleventh Amendment immunity: "suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d

---

[4] Though Hobbs placed "Sec 1983" alongside her Title VII and ADA claims under Count 2, a liberal review of the complaint lets the Court infer that she intends to use § 1983 as the vehicle for remedying the violations of the Sixth and Fourteenth Amendments alleged under Count 1. *See* n.3 above.

7

Cir. 2002); *see Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 223 (3d Cir. 2015) ("[L]iability under § 1983 may be imposed on an official with final policymaking authority if that official establishes an unconstitutional policy that, when implemented, injures a plaintiff." (citation omitted)).  (ECF No. 40 at 2-3, 5.)  For that exception, Hobbs names Mamta Patel, director of NJCSC's EEO/AA division; Scott A. Coffina, Burlington County prosecutor; and Steven Scheel, employee with the NJDOL and husband of Donna Scheel.  (ECF No. 34 ¶¶ 9-11.)  But as the State correctly notes, these defendants have not been served and are thus not presently active in this matter.  (ECF No. 41 at 6 n.1.)  So the Court need not address the sufficiency of Hobbs's claims against them.

As to the State, nothing in fact or law has changed since the Court last ruled that Hobbs's § 1983 claims must be dismissed on Eleventh Amendment-immunity grounds.  *See Hobbs*, 2023 WL 2264266, at *3.  As a result, those claims against the State remain barred by Eleventh Amendment immunity.

      **B.**      **Title VII, ADA, & NJLAD Claims**

The State argues that the complaint still does not satisfy federal pleading standards for Hobbs's anti-discrimination claims.  The Court agrees.

The elements of a Title VII discrimination claim are "(1) the plaintiff is a member of a protected class; (2) she was qualified for the position she sought to attain or retain; (3) she suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Goode v. N.J. Dep't of Corr.*, Civ. No. 11-6960, 2015 WL 1924409, at *8 (D.N.J. Apr. 28, 2015) (citing *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008)).  The elements of an ADA claim for disability discrimination are similar: that she "(1) has a disability, (2) is a qualified individual, and (3) has suffered an adverse employment action

8

because of that disability." *Turner v. Hershey Chocolate USA*, 440 F.3d 604, 611 (3d Cir. 2006) (internal citations and quotation marks omitted). And for failure-to-hire claims like Hobbs's, the plaintiff must also specifically show that "under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to plaintiff to fill the position." *Hobbs*, 2023 WL 2264266, at *6 (quoting *Suri v. Foxx*, 69 F. Supp. 3d 467, 478 (D.N.J. 2014)).

Little has changed since the Court ruled that Hobbs's previous complaint did not plead allegations satisfying the above-noted elements. Hobbs still bases her Title VII and ADA claims on allegations that "Defendants described and classified [her] to employers as an African American woman who is an incompetent troublemaker with a criminal record and a bipolar person" and that she was denied potential employment as a result. (ECF No. 34 ¶¶ 82-85.) She still only vaguely describes the employers that rejected her applications. (*See, e.g.*, *id.* ¶¶ 62, 65, 74, Attachment 4 (alleging that she "applied for nearly 100 jobs within the State of New Jersey," where "the prospective employers included government employer[s], contract employers, as well as private companies," such as "Colleges, Universities, State jobs, contractor jobs, local jobs, and employment agencies in the state of New Jersey").) And she still does not describe with any meaningful specificity the circumstances surrounding the rejections.

After a careful review of the complaint, the Court sees only two allegations specifying lost employment opportunities. First, Hobbs alleges that she was denied "a position at the Department of Human Services that [she] was well qualified for and should have [obtained] had" the prospective employer honored her "State Veterans Preference," yet "they hired a non-veteran over [Hobbs]." (*Id.* ¶ 77.) Second, the amended complaint references an earlier filing in which Hobbs lists at least 13 of her job applications for various positions in various state agencies. (*See id.* ¶ 76

9

(incorporating ECF No. 13-1 into the complaint by reference).)[5] Neither of these allegations cure the pleading defects that the Court previously identified. The allegations still do not state necessary details of her discrimination claims, such as "what grounds were stated for the denials, or whether those employers filled the relevant positions with individuals of similar qualifications." *Hobbs*, 2023 WL 2264266, at *6. So, as with her previous complaint, the amended complaint does not allege "information to support an inference that those opportunities were lost because of a protected characteristic such as race or disability." *Id.*[6]

As for Hobbs's NJLAD claim, the State is shielded by Eleventh Amendment immunity in federal court. *See Prass v. New Jersey Dep't of Corr.*, 651 F. Supp. 3d 764, 771 (D.N.J. 2023) ("[T]he text of NJLAD does not contain language that waives the State's Eleventh Amendment immunity in federal court." (citations omitted)); *see also Chee-Wah v. Maurer*, 663 F. App'x 194, 198 (3d Cir. 2016) (affirming dismissal of NJLAD claim against NJCSC and its employees on Eleventh Amendment immunity grounds). As a result, the Court lacks subject-matter jurisdiction over Hobbs's NJLAD claim against the State.

Therefore, Hobbs's employment discrimination claims under Title VII, the ADA, and NJLAD are dismissed without prejudice.

---

[5] Courts reviewing a motion to dismiss may consider, among other things, documents incorporated into the complaint by reference. *See Winer Fam. Tr. v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007).

[6] The separate filing, which exceeds 70 pages, does not delineate information from which the Court could infer that Hobbs was intentionally discriminated against when she was denied the positions. If the separate filing includes details supporting such an inference, it was incumbent on Hobbs to bring those details to the Court's attention. *See United States v. Shulick*, 18 F.4th 91, 113 (3d Cir. 2021) ("Judges are not like pigs, hunting for truffles buried in the record." (quoting *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006))).

IV. **CONCLUSION**

For the reasons set forth above, the State's motion to dismiss is **GRANTED**; Hobbs's constitutional and NJLAD claims against the State are **DISMISSED** without prejudice for lack of subject-matter jurisdiction; Hobbs's Title VII and ADA claims against the State are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted; and Hobbs's motion for summary judgment is **DENIED** as moot. The Court gives Hobbs a final opportunity to cure the deficiencies in her complaint against the State.[7] Hobbs must then serve the newly added defendants with copies of the summons and most recent complaint, or risk dismissal of the action against any unserved defendant. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). An appropriate Order follows.

Dated: June 25, 2024

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[7] *See Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F.3d 70, 74 (3d Cir. 1994) (noting, where plaintiff sought to add facts to a twice-amended complaint, "three attempts at a proper pleading is enough"); *Doe v. Div. of Youth & Fam. Servs.*, 148 F. Supp. 2d 462, 477 (D.N.J. 2001) ("Leave should be granted absent a showing of . . . 'repeated failure to cure deficiencies by amendments previously allowed . . . .'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))); *Treppel v. Biovail Corp.*, Civ. No. 03-3002, 2005 WL 2086339, at *12 (S.D.N.Y. Aug. 30, 2005) (declining leave to amend after plaintiff "already had two bites at the apple and they have proven fruitless[]").

11