**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TAMECA HOBBS,<br><br>                    Plaintiff,<br><br>         v.<br><br>UNITED STATES DEPARTMENT OF LABOR OFFICE OF THE SOLICITOR OF LABOR, *et al.*,<br><br>                    Defendants. | Civil Action No. 22-00956 (GC) (JTQ)<br><br>**OPINION** |

**CASTNER, District Judge**

      **THIS MATTER** comes before the Court upon two separate motions to dismiss *pro se* Plaintiff Tameca Hobbs's Second Amended Complaint (SAC) (ECF No. 46). Defendant Scott A. Coffina, Esq., moved to dismiss the SAC under Federal Rule of Civil Procedure (Rule) 12(b)(6). (ECF No. 53.) Defendants New Jersey Civil Service Commission (NJCSC), Mamta Patel, and the Estate of Steven Scheel moved to dismiss the SAC under Rules 12(b)(1) and 12(b)(6). (ECF No. 66.) Hobbs opposed Defendants' Motions and filed a Cross-Motion for Summary Judgment. (ECF Nos. 54 & 68.) Defendants replied. (ECF Nos. 69 & 70.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' Motions are **GRANTED**. Hobbs's Cross Motion for Summary Judgment is **DENIED** as moot.

I.  **BACKGROUND**

A.  **Factual Background[1]**

The factual background of this case is laid out in greater detail in the Court's prior opinions dismissing Hobbs's claims. *See Hobbs v. U.S. Dep't of Lab. Off. of Solic. of Lab.*, Civ. No. 22-00956, 2023 WL 2264266 (D.N.J. Feb. 28, 2023); *Hobbs v. New Jersey*, Civ. No. 22-00956, 2024 WL 3162934 (D.N.J. June 25, 2024). The Court recites only the factual allegations necessary for the resolution of the instant Motions. The premise of this action is that Hobbs was unlawfully "blacklisted" from employment with the State of New Jersey between 2015 and 2018. (ECF No. 46 ¶¶ 74, 78, 79.) Hobbs, a former employee with the United States Department of Labor (USDOL), alleges that Donna Scheel, her former supervisor at the USDOL, disparaged her to prospective State employers, leading the State to decide that Hobbs was bipolar, mentally unfit to work, and violent. (*Id.* ¶¶ 12, 74, 77.)

In 2017, Hobbs sued Donna Scheel, the City of Philadelphia, and several others in the United States District Court for the Eastern District of Pennsylvania, Civ. No. 17-5437 (the E.D. Pa. Action). (*Id.* ¶ 16.) On December 7, 2018, the court in the E.D. Pa. Action ordered the substitution of the United States as a party in place of Donna Scheel. ECF No. 32, Civ. No 17-5437. The court did so because under the Federal Tort Claims Act, the United States may be substituted for a defendant who is sued for actions taken within the scope of their employment. *Id.* at 2 n.1. In entering its Order, the Court relied upon a certification by William H. McSwain, then the United States Attorney for the Eastern District of Pennsylvania, which stated that Donna

---

[1] On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

Scheel was acting within the scope of her employment with the USDOL when the conduct outlined in Hobbs's lawsuit occurred. *Id.* at 3 n.1.

Hobbs alleges that on the same day the court substituted the United States as a defendant for Donna Scheel, a photograph of McSwain and Defendant Scott Coffina, the former Burlington County Prosecutor, was published on McSwain's Twitter account (@USAttyMcSwain). The caption accompanying the photograph states: "Happy to see my good friend, Scott Coffina, today. Scott is the Burlington County, NJ Prosecutor and a proud alum of my Office. Thank you, Scott, for your service!" Based on this photograph, Hobbs alleges that Coffina was involved in drafting McSwain's certification. (ECF No. 46 ¶ 100(b) ("A picture that was publicly published on Twitter showing that Burlington County Prosecutor Scott Coffina was involved in the December 7, 2018 Certification issued by US Attorney William McSwain.").)

In this case, Hobbs does not bring any claims against Donna Scheel, but instead asserts claims against Donna Scheel's late husband, Steven Scheel. According to Hobbs, Steven Scheel "misused his employment position at the State of New Jersey's Labor and Workforce building to" violate her rights, including by "tampering with public records." (*Id.* ¶ 92.) Steven Scheel did so, Hobbs contends, by "misus[ing] State databases to run illegal queries" related to Hobbs. (*Id.* ¶ 97.)

Throughout the SAC, Hobbs references various "demand letters" she sent to the State of New Jersey and other entities and officials. For example, on August 19, 2019, Hobbs sent a letter to New Jersey Governor Phil Murphy and Scott Coffina requesting to know whether she "had done something wrong or illegal." (*Id.* ¶ 32.) Further, Hobbs requested "written justifications for denial of [her] rights so that Due Process can rightfully take place in Civil hearings and/or Court Systems" which would allow Hobbs to clear her name. (*Id.*) In a September 6, 2019 letter signed by Defendant Mamta Patel, director of NJCSC's division of Equal Employment Opportunity and

Affirmative Action, the NJCSC wrote to Hobbs to inform her that because she was not a state employee, the NJCSC did not have jurisdiction over any of the issues raised in her demand letter. (*Id.* ¶ 33.) However, Patel informed Hobbs that she could file a complaint with the United States Equal Employment Opportunity Commission. (*Id.*)

According to Hobbs, "[d]uring the years of 2016, 2017, and 2018 [she] applied for numerous jobs with the State of NJ and City of Philadelphia." (*Id.* ¶ 109.) In particular, Hobbs claims that she applied for a position with the New Jersey Department of Human Services. (*Id.* ¶ 88.) After being rejected from that position, Hobbs complained that she was discriminated against. (*Id.*) On November 19, 2018, the NJCSC sent Hobbs a letter, signed by Patel, stating that the NJCSC was investigating Hobbs's complaint. (ECF No. 46-10 at 2-4.)

Finally, Hobbs alleges that she was discriminated against because the State of New Jersey did not have her veteran's preference on file when she applied for jobs with the State. Specifically, Hobbs alleges that on August 2, 2017, she received an email from the NJCSC stating that the New Jersey Department of Military Affairs did not have her veteran's preference on file. (ECF No. 46 ¶ 109.) The e-mail states as follows:

> Dear Applicant, [o]ur records indicated that you have selected Veteran's Preference on your online application and it is NOT found on NJDMAVA database. To establish Veteran's preference the paperwork attached must be filled out and have attached a DD-214. Please follow the instructions below.
>
> [(*Id.*)]

Hobbs contacted a phone number provided in the e-mail and was told that her veteran's preference was in fact in the system (and had been since 2005). (*Id.* ¶ 110.) According to Hobbs, the August 2017 email shows that she had been denied the veteran's preference she was entitled to based on her honorable wartime service in the United States Air Force. (*Id.* ¶¶ 94, 112.)

4

**B.     Procedural Background**

Hobbs initially sued the USDOL, the United States Department of Justice, Donna Scheel, and the State of New Jersey in this Court, claiming violations of various federal civil rights, anti-discrimination and administrative procedure laws as well as state laws. (ECF No. 1.) The Federal Defendants (USDOL, USDOJ, and Donna Scheel) moved to dismiss, arguing that Hobbs did not plead sufficient or plausible facts to support each element of her claims. (ECF No. 21.) The State also moved to dismiss on similar grounds. (ECF No. 10.)

The Court granted both motions. (ECF No. 29.) As a threshold matter, the Court found that Hobbs's claims under 42 U.S.C. § 1983 against the State, as then pled, were barred by the Eleventh Amendment to the United States Constitution. *Hobbs*, 2023 WL 2264266, at *3. As a result, the Court lacked subject-matter jurisdiction over the § 1983 claims against the State. The Court gave Hobbs an opportunity to amend her complaint, instructing that any amendment should account for the two-year statute of limitations for § 1983 claims arising in New Jersey. *Id.* As to the Federal Defendants, the Court agreed that Hobbs's claims were deficiently pled. And so, the Court dismissed the Complaint without prejudice.

Hobbs timely amended. In her First Amended Complaint (FAC), Hobbs dropped the Federal Defendants, kept the State as a defendant, and added the following defendants: the NJCSC; Mamta Patel, director of NJCSC's division of Equal Employment Opportunity and Affirmative Action; Scott A. Coffina, Burlington County prosecutor; and Steven Scheel, a former employee with the New Jersey Department of Labor and Work Force Development and the now deceased husband of Donna Scheel. (ECF No. 34 ¶¶ 7-11, 57-58.) But Hobbs did not serve the newly added defendants. *Hobbs v. New Jersey*, Civ. No. 22-00956, 2024 WL 3162934, at *6 (D.N.J. June 25, 2024).

5

The State again moved to dismiss. The Court granted the Motion, finding that the State was immune from Hobbs's constitutional and New Jersey Law Against Discrimination (NJLAD) claims under the Eleventh Amendment. Further, the Court held that Hobbs failed to state a claim upon which relief could be granted for her discrimination claims. Nevertheless, the Court gave Hobbs "a final opportunity to cure the deficiencies in her complaint against the State." *Hobbs*, 2024 WL 3162934, at *6.

Hobbs thereafter filed and served the SAC, in which she dropped the State as a Defendant. (ECF No. 46.) Like Hobbs's prior pleadings, the SAC is not especially clear. Nevertheless, the Court construes Hobbs's claims in the SAC as falling into the following categories: *first*, constitutional claims for violations of the Sixth Amendment (Count 1) and Fourteenth Amendment (Count 2) to the United States Constitution as to all Defendants; *second*, anti-discrimination law claims for violations of Title VII of the Civil Rights Act of 1964 (Title VII) and NJLAD as to all Defendants (Count 3);[2] and *third*, veterans' preference claims for violations of veterans' employment rights and benefits under the Uniformed Services Employment & Reemployment Act of 1994 (USERRA) as to the NJCSC and Patel only (Count 4). (*See id.* ¶¶ 64-115.)

Hobbs seeks to recover money damages, including back pay, front pay, "[t]ime in employment grade and rank for retirement purposes," and fees and costs. (*Id.* ¶ 116.) Hobbs also seeks an order enjoining Defendants from (1) "engaging in the policies, practices, and conduct complained of," and (2) "promoting to everyone that Constitutional Rights and Equal Rights should not apply to Plaintiff." (*Id.*) In response to Defendant's motions to dismiss the SAC, Hobbs cross-moved for summary judgment.

---

[2]     Because the FAC referenced the Americans with Disabilities Act (ADA), the Court construed Hobbs as asserting a claim thereunder. The SAC, however, does not reference the ADA, so the Court deems Hobbs's ADA claim abandoned.

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(1)

Rule 12(b)(1) permits a defendant to move at any time to dismiss the complaint for lack of subject-matter jurisdiction on either facial or factual grounds. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). In analyzing a facial challenge, a court "must only consider the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc.*, 220 F.3d at 176. "A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists." *Arosa Solar Energy Sys., Inc. v. Solar*, Civ. No. 18-1340, 2021 WL 1196405, at *2 (D.N.J. Mar. 30, 2021).

A factual challenge, on the other hand, "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). The "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Therefore, a 12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836 F.3d at 268. Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, Civ. No. 09-1743, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

Rule 12(b)(1) also encompasses dismissals for "lack of jurisdiction due to Eleventh

Amendment immunity." *Nemeth v. Off. of the Clerk of the N.J. Super. Ct.*, Civ. No. 19-16809, 2020 WL 2537754, at *2 (D.N.J. May 19, 2020). State sovereign immunity under the Eleventh Amendment "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Wright v. New Jersey/Dep't of Educ.*, 115 F. Supp. 3d 490, 494 (D.N.J. 2015). Once a challenge to jurisdiction is raised under Rule 12(b)(1), the plaintiff bears the burden to demonstrate the existence of subject-matter jurisdiction. *See McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006).

### B. Rule 12(b)(6)

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

Rule 8(a) does not require a complaint to contain detailed factual allegations. Still, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("Rule 8 requires a 'showing,' rather than a blanket assertion, of entitlement to relief." (citation and some quotation marks omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see, e.g., W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Though "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

As noted above, Hobbs is proceeding *pro se* and "[t]he obligation to liberally construe a pro se litigant's pleadings is well-established." *Higgs v. Att'y Gen. of the United States*, 655 F.3d 333, 339 (3d. Cir 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "Courts are to construe complaints so as to do substantial justice, keeping in mind that pro se complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citing Fed. R. Civ. P. 8(f)). "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "[P]ro se litigants still must allege sufficient

9

facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282 (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

### III.   DISCUSSION

#### A.   Coffina's Motion to Dismiss

Former Burlington County Prosecutor Scott Coffina argues that all of Hobbs's claims against him—various civil rights and discrimination causes of action—should be dismissed. According to Coffina, the SAC is insufficiently pled and devoid of any plausible allegations of personal involvement on his part. (ECF No. 53-1 at 6.[3]) The Court agrees.

Even though the SAC is difficult to decipher, (*see generally* ECF No. 46), it is clear that Coffina's connection to Hobbs and the underlying events is tenuous at best. Hobbs's claims against Coffina appear to arise from the E.D. Pa. Action. Hobbs alleges that Coffina had a role in the Court's dismissal of Donna Scheel from the E.D. Pa. Action because he was featured in a photograph on the Twitter Account of William H. McSwain, then the United States Attorney for the Eastern District of Pennsylvania, the same day the court issued its order substituting the United States for Donna Scheel. (*Id.* ¶ 64.) But Hobbs points to no facts that could plausibly support her theory that Coffina was involved in the E.D. Pa. Action.

Hobbs concedes that she "does not know why the Burlington County Prosecutor (a NJ State law officer/attorney) was engaging with the USDOJ Attorneys and/or Judges on this December 7,

---

[3]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

2018 Prima Facie certification about her." (*Id.* ¶ 26.) Moreover, in opposition to Coffina's Motion to Dismiss, Hobbs argues that "without depositions, discovery, or a declarative statement from Attorney Coffina, other defendants, or witnesses then Plaintiff and the courts are left to guess if Coffina was with Attorney McSwain on December 8, 2017 during the presentation of the Prima Facie Certification to the Philadelphia District Court." (ECF No. 54.) Hobbs's bald assertion that Coffina was involved in the E.D. Pa. Action is plainly insufficient to survive a motion to dismiss. *See Rearick v. Spanier*, 523 F. App'x 198, 199 (3d Cir. 2013) ("A plaintiff's bald assertions or legal conclusions will not suffice to survive a motion to dismiss."); *Jones v. Express Jet Airlines*, Civ. No. 11-926, 2011 WL 5024435, at *3 (D.N.J. Oct. 17, 2011) ("[B]ald legal assertions without factual enhancement sufficient to raise a right to relief beyond a speculative level do not meet the requisite pleading standard."); *see also Silver v. Pep Boys-Manny, Moe & Jack of Del., Inc.*, Civ. No. 17-00018, 2018 WL 1535285, at *8 (D.N.J. Mar. 29, 2018) ("The law in this Circuit is well-established, however, that [a p]laintiff 'may not attempt to use discovery as a fishing expedition . . . to seek out the facts necessary to establish a legally adequate complaint.'" (quoting *White v. Hon Co.*, 520 F. App'x. 93, 95 (3d Cir. 2013))).

Hobbs also alleges that she received a letter from the Burlington County Probation Office regarding her child support arrears. (ECF No. 46 ¶ 45.) Hobbs writes in the SAC that the "Burlington County Probation Office Child Support Division is under the umbrella of the Burlington County Prosecutor's office." (*Id.*) Thus, Hobbs seems to suggest that Coffina had a role in sending her this notice. (*Id.*) But this allegation is also insufficient to state a claim against Coffina. Indeed, Hobbs does not explain why this letter, which attached an order from the Superior Court of New Jersey showing that Hobbs was $625 in arrears on her child support payments, supports her civil rights and employment discrimination claims against Coffina. *See DiPietro v.*

11

*N.J. Fam. Support Payment Ctr.*, Civ. No. 08-4761, 2009 WL 1635568, at *9 (D.N.J. June 10, 2009) ("New Jersey law provides New Jersey courts with the authority to order and direct the payment of child support.") (citation omitted).

Accordingly, all claims against Coffina are dismissed with prejudice.[4]

### B. New Jersey Civil Service Commission, Mamta Patel, and the Estate of Steven Scheel's Motion to Dismiss

#### 1. *Constitutional Claims*

Defendants NJCSC, Mamta Patel, and the Estate of Steven Scheel argue that Hobbs's claims for violations of the Sixth and Fourteenth amendments are time-barred under New Jersey's two-year statute of limitations for personal injury actions. (*See* ECF No. 66 at 14.) The Court agrees.[5]

"The amount of time a § 1983 claimant has to bring suit is determined by the personal-injury law of the state where the alleged harm occurred," *Coello v. DiLeo*, 43 F.4th 346, 352 (3d Cir. 2022), and "New Jersey law gives litigants two years to file a personal-injury claim," *id.* (citing N.J. Stat. Ann. § 2A:14-2). *See also Wallace v. Kato*, 549 U.S. 384, 387 (2007). Courts assess

---

[4] As this is Hobbs's third complaint and she has yet to assert a single viable claim, the Court's dismissal will be with prejudice as to all claims against all Defendants. *See Singleton v. Harbor Freight Manager*, Civ. No. 23-2889, 2024 WL 1406420, at *1 (3d Cir. Apr. 2, 2024) (affirming dismissal of *pro se* plaintiff's second amended complaint with prejudice on futility grounds); *Pue v. N.J. Dep't of Lab.*, Civ. No. 23-855, 2024 WL 1975387, at *6 (D.N.J. May 3, 2024) ("Allowing [the *pro se* plaintiff] to file a third amended complaint would only serve to needlessly extend this litigation, and subject the [d]efendants to additional cost in added time, attention and financial expense. As such, the [c]ourt finds that any amendment would be futile."). Simply put, "three attempts at a proper pleading is enough." *Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F.3d 70, 74 (3d Cir. 1994).

[5] The Court also notes that it previously put Hobbs on notice that her claims were potentially barred under the statute of limitations. *See Hobbs*, 2023 WL 2264266, at *3 (dismissing Hobbs's § 1983 claims and instructing that "any potential amendment should account for the applicable limitations period").

12

when the limitation period begins to run by "looking to federal law[,]" *see Coello*, 43 F.4th at 352, and "[u]nder that law, a § 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of her injury," *id.* (citing *Genty v. Resol. Tr. Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). *See also Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("It is axiomatic that under federal law, which governs the accrual of section 1983 claims, 'the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action.'" (quoting *Genty*, 937 F.2d at 919)).

Defendants assert that Hobbs's § 1983 claims are based on conduct that occurred more than two years before Hobbs filed this case in February 2022. (ECF No. 66 at 14.) Indeed, Hobbs alleges that due to being blacklisted from employment opportunities, she unsuccessfully applied for jobs "during the years of 2015, 2016, 2017, and 2018." (ECF No. 46 ¶¶ 78, 82.) Hobbs also cites specific instances of alleged discrimination, all of which occurred outside of the two-year statute of limitations. (*See, e.g.*, *id.* ¶¶ 85-88 (alleging that letters from the NJCSC and Patel from 2018 and 2019 violated Hobbs's rights); ¶ 92 (alleging that Steven Scheel "violated [Hobbs's] rights by tampering with public records and her privacy rights" between May 2018 and July 2018).) Thus, it is apparent that Hobbs's claims fall outside of the two-year statute of limitations.

Hobbs argues that her claims are timely, but the Court is unpersuaded by Hobbs's arguments. Hobbs asserts that her constitutional claims are subject to a "five-to-seven-year statute of limitation" because Defendants violated various criminal laws. (ECF No. 68 at 14.) But any criminal statutes of limitations are inapplicable here, as the Court must apply New Jersey's two-year statute of limitations for personal injury actions in this civil case. *See Patterson v. Strippoli*, 639 F. App'x 137, 140 (3d Cir. 2016) ("The statute of limitations for § 1983 claims in New Jersey is two years."). Hobbs also argues that "depositions and/or discovery" are necessary for her to

13

determine the "most recent dates of such discriminatory." (ECF No. 68 at 14.) But a plaintiff "cannot defeat a motion to dismiss merely by claiming that they need further discovery to develop facts that should have been alleged in their complaint in the first instance." *Acosta v. Pace Loc. I-300 Health Fund*, Civ. No. 04-3885, 2007 WL 496877, at *9 (D.N.J. Feb. 9, 2007).

Finally, Hobbs argues that the continuing violation doctrine applies. (ECF No. 68 at 14.) "Under this doctrine, 'when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred.'" *Patterson v. Strippoli*, 639 F. App'x 137, 141 (3d Cir. 2016) (quoting *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir.2001)). Defendants contend that this theory is unavailing because Hobbs "fails to plead any facts that 'continue into the applicable limitations period.'" (ECF No. 70 at 4.) The Court agrees, as it discerns no allegations which would serve to toll the statute of limitations. (*See generally* ECF No. 46.)

Accordingly, Hobbs's § 1983 claims (Counts 1[6] and 2) are dismissed with prejudice as to Defendants NJCSC, Mamta Patel, and the Estate of Steven Scheel.[7]

---

[6] Hobbs's Sixth Amendment claim also fails because Hobbs has not alleged that she was charged with a crime. *See Hobbs*, 2023 WL 2264266, at *5 ("Because Plaintiff does not allege she has been indicted, arrested, or otherwise formally accused or criminally prosecuted in relation to the various assault accusations, Plaintiff cannot state a claim under the Sixth Amendment for either a speedy trial right or right to counsel violation.").

[7] As Hobbs's § 1983 and NJCRA claims are barred by the statute of limitations, the Court does not address whether the NJCSC is a "person" amenable to suit under those statutes.

### 2. Discrimination Claims

Defendants argue that Hobbs's NJLAD claims are also time barred. Moreover, Defendants assert that the SAC does not satisfy federal pleading standards for Hobbs's discrimination claims. The Court agrees as to both points.

"The NJLAD has a two-year statute of limitations." *Clark v. Dep't of L. & Pub. Safety*, Civ. No. 19-21238, 2020 WL 7778068, at *5 (D.N.J. Dec. 31, 2020) (citing *Rodriguez v. Raymours Furniture Co.*, 138 A.3d 528, 537 (N.J. 2016)). "In employment discrimination actions, the limitations period begins with the time of the discriminatory act." *Id.* (quoting *Hanani v. N.J. Dep't of Env't. Prot.*, 205 F. App'x 71, 76 (3d Cir. 2006)). Hobbs's NJLAD claims rest on similar allegations as her constitutional claims outlined above. For instance, Hobbs alleges that the NJLAD "was violated by defendants when NJ employees participated with Donna Scheel to blacklist Plaintiff from having employment." (ECF No. 46 ¶ 99.) As with her constitutional claims, Hobbs asserts that Patel's September 6, 2019 response to Hobbs's demand letter violated the NJLAD. (*Id.* ¶ 100.) But like her constitutional claims, Hobbs does not point to any specific instances of discrimination occurring within the two-year statute of limitations. For that reason, Hobbs's NJLAD claims must be dismissed.

Moreover, Hobbs does not meet the pleading standard under Rule 8, which provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The elements of a Title VII discrimination claim are "(1) the plaintiff is a member of a protected class; (2) she was qualified for the position she sought to attain or retain; (3) she suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Goode v. N.J. Dep't of Corr.*, Civ. No. 11-6960, 2015 WL 1924409, at *8 (D.N.J. Apr. 28, 2015) (citing *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008)); *see also Murphy v. Hous. Auth. & Urb. Redevelopment Agency of City of Atl. City*, 32

15

F. Supp. 2d 753, 763 (D.N.J. 1999), *aff'd*, 208 F.3d 206 (3d Cir. 2000) ("The prima facie elements of employment discrimination are the same for claims under Title VII and the NJLAD.")

The Court previously dismissed Hobbs's discrimination claims for insufficiency of the pleadings because Hobbs did not allege that she lost employment opportunities "with any meaningful specificity." *Hobbs*, 2024 WL 3162934, at *5. The same is true of the SAC. Hobbs broadly alleges that "Defendants described and classified [Hobbs] to employers as an African American woman who is an incompetent troublemaker with a criminal record and a bipolar person who need not work as such to be placed on governmental assistance as a means of income." (ECF No. 46 ¶ 94.) Further, Hobbs asserts that "Steven Scheel violated Plaintiff's rights when he misused State databases to run illegal queries" about her. (*Id.* ¶ 97.) Hobbs does not explain what these "illegal queries" were. Nor does Hobbs outline the specific employment opportunities she lost with the required specificity, including "what grounds were stated for the denials, or whether those employers filled the relevant positions with individuals of similar qualifications." *Hobbs*, 2024 WL 3162934, at *5. Nor does Hobbs allege how these Defendants were involved in the allegedly lost employment opportunities. At bottom, the SAC is insufficient for the same reasons as this Court previously held that the FAC was insufficient. *See id.* Hobbs's confusing pleading also leaves each defendant left to wonder what the basis for the claims against each of them are. *See Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (finding dismissal on Rule 8 grounds appropriate where the complaint "defie[d] any attempt to meaningfully answer or plead to it, and it left the defendants having to guess what of the many things discussed constituted.").

Accordingly, Hobbs's discrimination claims under Title VII and the NJLAD are dismissed with prejudice.

### 3. *Veterans Preference Claims*

USERRA prohibits employment discrimination on the basis of military service, and provides in pertinent part that:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

[38 U.S.C. § 4311(a).]

"[A]n employee making a USERRA claim of discrimination [ ] bear[s] the initial burden of showing by a preponderance of the evidence that the employee's military service was a substantial or motivating factor in the adverse employment action." *Carroll v. Del. River Port Auth.*, 843 F.3d 129, 131 (3d Cir. 2016) (internal quotations and citation omitted). "If the plaintiff meets his burden, the burden of proof then shifts to the employer, who must prove that it would have taken the adverse action for non-discriminatory reasons, regardless of the employee's military service." *Murphy v. Radnor Twp.*, 542 F. App'x 173, 177 (3d Cir. 2013).

Hobbs's USERRA claim arises in connection with her search for employment from 2016 to 2018. According to Hobbs, she "applied for numerous jobs with the State of NJ and City of Philadelphia" during that timeframe. (ECF No. 46 ¶ 109.) Hobbs points to what appears to be an automated email from the NJCSC stating that Hobbs's veteran's preference information was not on file. (*Id.* ¶ 109.) Based on this email, Hobbs contends that the State of New Jersey had been denying her the benefit of her veteran's preference while applying for jobs. (*Id.*) Hobbs claims that she called the phone number provided in that email, and a customer service representative informed Plaintiff that her veteran's preference was in the system. (*Id.* ¶ 110.) Nevertheless, Plaintiff asserts that "someone may have tampered with records as such to deny [her] from having

17

a job and using her lawful [v]eterans [p]reference status." (*Id.*) But Hobbs provides no factual allegations to make this claim plausible nor does she allege that she was denied employment opportunities as a result of her military service, but rather that the Defendants failed to consider it.

The Court previously dismissed Hobbs's USERRA claim as to the State of New Jersey because Hobbs did "not allege that she suffered any adverse employment action due to her military service." *Hobbs*, 2023 WL 2264266, at *6. Again, the SAC does not contain any allegation that Hobbs "suffered discrimination by any potential employer, including the State of New Jersey, on the basis of her military service, as required to state a claim under the USERRA." *Id.*

Accordingly, Hobbs's USERRA claim is dismissed with prejudice for the same reasons as previously ruled by this Court. *Id.*

## IV.   CONCLUSION

For the foregoing reasons, and other good cause shown, Defendant Scott Coffina's Motion to Dismiss (ECF No. 53) is **GRANTED**. All claims against Coffina are **DISMISSED** with prejudice. Defendants NJCSC, Mamta Patel and the Estate of Steven Scheel's Motion to Dismiss (ECF No. 66) is **GRANTED**. All claims against the NJCSC, Mamta Patel and the Estate of Steven Scheel are **DISMISSED** with prejudice.

Hobbs's Motion for Summary Judgment (ECF No. 68) is **DENIED** as moot. An appropriate Order follows.

Dated: May 30, 2025

*Georgette Castner*

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**